IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CATALINA SANTIAGO SANTIAGO, | § § § |
| Petitioner, | § § |
| v. | §   CAUSE NO. EP-25-CV-361-KC § § |
| KRISTI NOEM et al., | § § § |
| Respondents. | § |

## SHOW CAUSE ORDER

On this day, the Court considered Petitioner Catalina Santiago Santiago's Motion for Order to Show Cause, ECF No. 3. For the following reasons, the Motion is **GRANTED**.

**I.   BACKGROUND**

Santiago is a citizen of Mexico who has lived in the United States for twenty years, since she was eight years old. Pet. ¶¶ 2, 8, ECF No. 1. In 2012, Santiago applied for and received protection from deportation under the Deferred Action for Childhood Arrivals ("DACA") program. *Id.* ¶¶ 1, 2, 8. Her DACA grant has been renewed six times and remains valid through April 29, 2026. *Id.* ¶ 8.

On January 8, 2025, Santiago married a United States citizen. *Id.* ¶ 34. On August 3, 2025, Santiago was arrested at the El Paso International Airport by United States Customs and Border Protection Officers and transferred to the custody of Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 35. "Several days" later, Santiago received a Notice to Appear charging her with inadmissibility to the United States. *Id.* ¶ 36. She remains detained at the El Paso Service Processing Center. *Id.* ¶ 37.

On September 2, Santiago filed her Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order for her release from ICE custody. *Id.* ¶¶ 4–5. Santiago challenges the legality of her detention and potential removal from the United States on constitutional and statutory grounds. *Id.* ¶¶ 43–79. She filed this Motion contemporaneously with the Petition, asking the Court to require Respondents to show cause for why the writ should not issue. Mot. 1.

## II.     ANALYSIS

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines

2

beyond the three-day limit in § 2243.  *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Santiago the relief she seeks.  However, to give Respondents adequate time to brief the issues, the Court exercises its discretion under Habeas Rule 4 to extend the response deadline to two weeks.

### III.   CONCLUSION

Accordingly, the Motion, ECF No. 3, is **GRANTED**.  Respondents shall **SHOW CAUSE** by <u>**no later than September 17, 2025**</u>, why the application for a writ of habeas corpus should not be granted.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 3rd day of September, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE