IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CATALINA SANTIAGO SANTIAGO, § § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-25-CV-361-KC |
| § | |
| KRISTI NOEM et al., § § § | |
| Respondents. § | |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER
### & SETTING HEARING

On this day, the Court considered Petitioner Catalina Santiago Santiago's Motion for Temporary Restraining Order ("Motion"), ECF No. 14. For the following reasons, the Motion is **GRANTED**.

### I.   BACKGROUND

Santiago is a citizen of Mexico who has lived in the United States for twenty years, since she was eight years old. Pet. ¶¶ 2, 8, ECF No. 1. In 2012, Santiago applied for and received protection from deportation under the Deferred Action for Childhood Arrivals ("DACA") program. *Id.* ¶¶ 1, 2, 8. Her DACA grant has been renewed six times and remains valid through April 29, 2026. *Id.* ¶ 8.

On January 8, 2025, Santiago married a United States citizen. *Id.* ¶ 34. On August 3, 2025, Santiago was arrested at the El Paso International Airport by United States Customs and Border Protection Officers and transferred to the custody of Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 35. "Several days" later, Santiago received a Notice to Appear

charging her with inadmissibility to the United States.  *Id.* ¶ 36.  She remains detained at the El Paso Service Processing Center.  *Id.* ¶ 37.

On September 2, Santiago filed her Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order for her release from ICE custody.  *Id.* ¶¶ 4–5.  Santiago challenges the legality of her detention and potential removal from the United States on constitutional and statutory grounds.  *Id.* ¶¶ 43–79.

In the Prayer for Relief at the end of her Petition, Santiago asked that the Court "[p]rohibit [her] removal from the United States and transfer outside the Western District of Texas during the pendency of this action."  *Id.* at 20.  The Court ordered that Santiago must make any such request in the form of a motion under Federal Rule of Civil Procedure 65.  Sept. 6, 2025, Order, ECF No. 13.  On September 8, Santiago filed this Motion, requesting entry of a temporary restraining order ("TRO") to prohibit her removal from the country and transfer from the judicial district while this case remains under consideration.  Mot. 8–9.

**II.   DISCUSSION**

Constitutional protections generally apply to all people within the jurisdiction of the United States regardless of immigration or citizenship status.  *See Plyler v. Doe*, 457 U.S. 202, 210 (1982).  Although federal district courts do not generally have subject matter jurisdiction over removal orders issued by an immigration court, "an alien . . . [may] rely on 28 U.S.C. § 2241 to challenge [their] detention."  *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); 28 U.S.C. § 2241(a); U.S. Const. art. I, § 9, cl. 2.

Santiago does not challenge any order issued in conjunction with her removal proceedings, which "remain pending."  Pet. ¶ 36.  Instead, she seeks to be released from custody on the grounds that her arrest and continued detention violate her rights under the Fourth and

2

Fifth Amendments of the United States Constitution, as well as the Administrative Procedures Act ("APA") and the *Accardi* doctrine. *Id.* at 20–21.

At this stage, it is unclear whether this Court has jurisdiction to provide the requested relief. But even if this Court ultimately lacks jurisdiction, it retains the authority to preserve the status quo until that determination is made. A federal court can always determine its own jurisdiction and may order a respondent to preserve the status quo to enable it to do so. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is especially true where the action temporarily enjoined by the Court, if allowed to take place, would destroy jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

In recent weeks, courts across the country faced with immigration habeas petitions like this one have relied on similar authority to prevent the petitioner's removal from the country or transfer from the forum jurisdiction, until the petition can be fully considered. *See e.g.*, Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631 (D. Mass. June 5, 2025), ECF No. 5. Other courts have enjoined deportations pending consideration of immigration habeas petitions under the All Writs Act, 28 U.S.C. § 1651(a). *See Batooie v. Ceja*, No. 25-cv-2059, 2025 WL 1836695, at *2 (D. Col. July 3, 2025); Minute Order, *Castellon v. Kaiser*, No. 25-cv-968 (E.D. Cal. Aug. 6, 2025), ECF No. 4; Minute Order, *Hernandez v. Wofford*, No. 25-cv-986 (E.D. Cal. Aug. 11, 2025), ECF No. 6.

Still others have done so under Federal Rule of Civil Procedure 65. *See, e.g.*, *Sepulveda Ayala v. Noem*, No. 25-cv-5185, 2025 WL 1207655, at *1-4 (W.D. Wash. Apr. 26, 2025). Because Santiago brings an APA claim, yet another federal statute gives the Court the authority

"to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705; *see Make the Road N.Y. v. Noem*, No. 25-cv-190, 2025 WL 2494908, at *8, 22–23 (D.D.C. Aug. 29, 2025). "The factors governing issuance of a section 705 stay are the same as those that govern the grant of a preliminary injunction [or temporary restraining order]." *Make the Road N.Y.*, 2025 WL 2494908, at *8 (citations omitted). Those are (1) likelihood of success on the merits, (2) irreparable injury, (3) that the injury outweighs the threatened harm to the other party, and (4) the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018).

The Court finds persuasive the decisions enjoining removal and transfer of petitioners under the Court's inherent power to preserve its ability to hear the case. *See, e.g.*, Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631(D. Mass. June 5, 2025), ECF No. 5. To ensure the ability to meaningfully assess Santiago's Petition, the Motion is granted. *See id.*

Alternatively, Santiago's requested relief is also warranted as a TRO because all four factors weigh in her favor. First, she is a recipient of DACA, a program that bars its beneficiaries from removal, yet she has been detained for removal proceedings. Her current DACA protection expires in April 2026, and to the extent it has been rescinded, she was given neither notice nor an opportunity to respond. *See* Pet. ¶¶ 2, 8, 38. These are the cornerstones of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). And just days ago, another district court found likelihood of success on the merits of a procedural due process claim and granted a TRO under nearly identical facts. *Gamez Lira v. Noem*, No. 25-cv-855, 2025 WL 2581710, at *3 (D.N.M. Sept. 5, 2025) ("At the very least, [the petitioner] justifiably expected that his DACA status would not terminate without notice and the opportunity to respond.").

4

Therefore, without predetermining the merits of Santiago's Petition, the Court finds she has shown a likelihood of success on her Fifth Amendment procedural due process claim.[1]

Second, many courts have recognized that removing an immigration habeas petitioner from the country or transferring them to another judicial district may strip the reviewing court of jurisdiction or otherwise irreparably frustrate the ability to grant the requested relief. *See, e.g.*, *Misirbekov v. Venegas*, --- F. Supp. 3d ----, 2025 WL 2201470, at *2 (S.D. Tex. Aug. 1, 2025). Third, courts have similarly recognized that, in such cases, the potential harm to the petitioner greatly outweighs any harm to the respondents. *See, e.g.*, *id.* Simply put, if Santiago is removed from the country, she may never be able to return. But, at most, Respondents face a slight delay. If they ultimately prevail on the merits of this case, they will be able to proceed with Santiago's removal in due course. As to the fourth and final factor, "it is in the public interest to prevent 'aliens from being wrongfully removed . . . .'" *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 436 (2009)). For these reasons, a TRO preventing Santiago's removal from the United States or transfer from the Western District of Texas during the pendency of this case is warranted.

To the extent a bond may be required under Federal Rule of Civil Procedure 65(c), that requirement is waived. *See, e.g.*, *Sepulveda Ayala*, 2025 WL 1207655, at *4 (waiving bond under similar circumstances). *But see Make the Road N.Y.*, 2025 WL 2494908, at *23 (holding no bond required for § 705 preliminary relief).

### III.   CONCLUSION

Accordingly, Santiago's Motion, ECF. No. 14 is **GRANTED**. The Court **ORDERS** that Respondents **SHALL NOT** (1) remove or deport Santiago from the United States, or (2) transfer Santiago to any facility outside the boundaries of the Western District of Texas. Unless

---

[1] Where, as here, there are multiple claims in suit, it is only necessary to demonstrate a substantial likelihood of success on the merits for at least one of them. *See, e.g.*, *Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F. Supp. 3d 511, 519 (S.D. Tex. 2020) (collecting cases).

otherwise ordered, this Temporary Restraining Order expires at **11:59 p.m. on September 23, 2025**. *See* Fed. R. Civ. P. 65(b)(2).

    **IT IS FURTHER ORDERED** that this case is **SET** for a **HEARING** on **Tuesday, September 23, 2025, at 1:00 p.m.** in Courtroom 522, United States Courthouse, 525 Magoffin Ave., El Paso, Texas 79901.  The attorneys should come to the hearing prepared to discuss the merits of this case and present any evidence.  Respondents must make all necessary arrangements for Petitioner's presence at the hearing.  *See* 28 U.S.C. § 2243 ("[T]he person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").

    **IT IS FURTHER ORDERED** that Respondents' show cause deadline remains **September 17, 2025**.  *See* Sept. 3, 2025, Order 3, ECF No. 12.

    **IT IS FURTHER ORDERED** that Petitioner may file a reply in support of his Petition by **no later than September 19, 2025**.

    **SO ORDERED**.

    **SIGNED this 9th day of September, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE